UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE
2004 SEP 27 P 12:58
U.S. DISTRICT COURT
DISTRICT OF MASS.

CIVIL ACTION NO.: 04-12068 JLT

| | |
|---|---|
| Daniel A. Ferrie, | ) |
| Plaintiff, | ) |
| vs. | ) |
| K Mart Corporation, | ) |
| Defendant. | ) |

MAGISTRATE JUDGE MBB

RECEIPT # 58912
AMOUNT $ 150.00
SUMMONS ISSUED ✓
LOCAL RULE 4.1 ✓
WAIVER FORM
MCF ISSUED
BY DPTY. CLK. M.P.
DATE 9/27/2004

COMPLAINT AND DEMAND FOR TRIAL BY JURY

### Jurisdiction

1. Jurisdiction of all Counts is conferred by 28 U.S.C. 1332, as there is a complete diversity of citizenship between the Parties, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

2. Jurisdiction of Counts I - II is further conferred by 28 U.S.C. 1331, as these Counts arise under the laws of the United States.

3. Jurisdiction of Counts III - IV is further conferred by pendent and/or supplemental jurisdiction pursuant to 28 U.S.C. 1367.

### Parties

4. The Plaintiff, Daniel A. Ferrie ("Ferrie"), is a resident of the Commonwealth of Massachusetts, Bristol County.

5. The Defendant, K Mart Corporation. ("K Mart"), is an Michigan corporation, with a principal place of business in Troy, Michigan.

## Factual Allegations

6. Ferrie is 57 years of age.

7. In or around August, 1998, Ferrie commenced employment with K Mart as an Assistant Manager and assigned to its South Bay, Boston, Massachusetts store.

8. In the Spring of 1999 Ferrie became aware that, despite his superior performance, younger less experienced managers were being promoted ahead of him.

9. Ferrie complained to his then District Manager, David Nappier, that he was being discriminated against because of his age.

10. After his above complaint, Ferrie was subsequently passed over for numerous promotions, including Store Manager and, later, District Manager positions.

11. Virtually all of the these positions were given to individuals under 40 years of age, with far less experience.

12. In late 2001, for example, Ferrie was told that he would be promoted to District Manager.

13. Ferrie was not awarded the position which was given to an individual under 40 with history of poor performance at K Mart.

14. K Mart has a pattern and practice of engaging in this type of conduct concerning its older employees.

15. On numerous occasions during his employment up to and including December, 2003, Ferrie was referred to as an "Old Bastard" and "old and fat" by his District Manager, Jon Swank.

16. On or about December 17, 2003 Ferrie suffered a work-related injury to his back.

17. Ferrie was out of work until on or about March 1, 2004 when he was cleared to return to

work by his doctor. During this period he applied for benefits pursuant to the Massachusetts Workers Compensation Act.

18. This absence additionally constituted leave under the Family Medical Leave Act, 29 U.S.C. 2601 et seq.

19. On or about March 1, 2004 Ferrie's employment with K Mart was involuntarily terminated, allegedly for violation of company policy.

20. This stated reasons for Ferrie's termination were completely false and were a pretext for unlawful discrimination and retaliation.

21. At all times during his employment with K Mart, Ferrie performed his job in an exemplary manner and otherwise met and/or exceeded the legitimate performance expectations for his position.

22. The above described acts of discrimination and retaliation were of a continuing nature.

23. The above acts and omissions of K Mart have directly and proximately caused Ferrie to suffer lost income and diminished earning capacity, personal injury including emotional distress, and have otherwise damaged him.

COUNT I
Age Discrimination in Employment Act
<u>29 U.S.C. 621, et seq.</u>

24. The Plaintiff adopts by reference each and every allegation in this Complaint, and further alleges:

25. All conditions precedent regarding this Count have been complied with.

26. The above described acts of discrimination against Ferrie on the basis of age had the

purpose or effect of injuring him in the terms and conditions of his employment.

27. The above described acts of discrimination had the purpose or effect of unreasonably interfering with Ferrie's work performance or creating an intimidating, hostile, or offensive working environment.

28. Ferrie was additionally subject to retaliation for opposing unlawful discrimination and/or for otherwise asserting rights under this section.

29. K Mart's above stated conduct was willful, malicious, in bad faith, outrageous and extraordinary, thereby giving rise to an award of punitive damages.

WHEREFORE, the Plaintiff, Daniel A. Ferrie, demands judgment against K Mart in an amount reasonably calculated to adequately compensate him for his injuries, together with punitive damages, interest, reasonable attorney's fees, and the costs of this action.

COUNT II
The Family and Medical Leave Act of 1993
29 U.S.C. 2601, et seq.

30. The Plaintiff adopts by reference all above allegations, and further alleges:

31. All conditions precedent to this Count, if any, have been complied with.

32. Ferrie is an eligible employee, as defined by 29 U.S.C. § 2611.

33. K Mart is an employer, as defined by 29 U.S.C. § 2611.

34. The above described acts of K Mart, committed by and through its authorized agents and employees, interfered with, restrained or denied the exercise or attempted exercise by

Ferrie of rights protected by 29 U.S.C. 2601, et seq.

35. Ferrie was additionally subject to retaliation for excising rights under 29 U.S.C. 2601, et seq., and/or for opposing practices made unlawful by 29 U.S.C. 2601, et seq.

WHEREFORE, the Plaintiff, Daniel A. Ferrie, demands judgment against K Mart in an amount reasonably calculated to adequately compensate him for his injuries, together with interest, reasonable attorney's fees, and the costs of this action.

## COUNT III
### Mass.G.L. c. 151B

36. The Plaintiff adopts by reference all above allegations, and further alleges:

37. All conditions precedent regarding this Count have been complied with.

38. The above described acts of discrimination against Ferrie, on the basis of age, had the purpose or effect of injuring Ferrie in the terms and conditions of his employment with K Mart.

39. The above described acts of discrimination had the purpose or effect of unreasonably interfering with Ferrie's work performance or creating an intimidating, hostile, or offensive working environment.

40. Ferrie was additionally subject to retaliation for opposing unlawful discrimination and/or for otherwise asserting rights under this section.

41. K Mart's above stated conduct was willful, malicious, in bad faith, outrageous, and extraordinary, thereby giving rise to an award of punitive damages.

WHEREFORE, the Plaintiff, Daniel A. Ferrie, demands judgment against K Mart in an amount reasonably calculated to adequately compensate him for his injuries, together with punitive damages, interest, reasonable attorney's fees, and the costs of this action.

## COUNT IV
## Mass.G.L. c. 152 § 75B

42. The Plaintiff adopts by reference all above allegations, and further alleges:

43. All conditions precedent regarding this Count have been complied with.

44. Ferrie was subject to retaliation for his exercise of rights pursuant to the Massachusetts Workers Compensation Act.

WHEREFORE, the Plaintiff, Daniel A. Ferrie, demands judgment against K Mart in an amount reasonably calculated to adequately compensate him for his injuries, together with interest, reasonable attorney's fees, and the costs of this action.

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL COUNTS**

Respectfully submitted,
Daniel A. Ferrie
By his attorney,

_____
Paul F. Wood, BBO No. 565195
Law Office of Paul F. Wood
45 Bowdoin Street
Boston, MA 02114
(617) 532-2666