UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DANIEL A. FERRIE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>K MART CORPORATION, )<br>)<br>Defendant. )<br>) | Civil Action No: 04 Civ. 12068 (JLT) |

**<u>DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES</u>**

Defendant, K Mart Corporation ("Defendant"), hereby answers the numbered paragraphs in the complaint ("Complaint") of plaintiff, Daniel A. Ferrie ("Plaintiff"), and asserts its affirmative defenses as follows:

**ANSWER TO ALLEGATIONS**

1. Paragraph 1 of the Complaint contains no factual allegations and calls for a legal conclusion and therefore requires no response.

2. Paragraph 2 of the Complaint contains no factual allegations and calls for a legal conclusion and therefore requires no response.

3. Paragraph 3 of the Complaint contains no factual allegations and calls for a legal conclusion and therefore requires no response.

4. Defendant admits that Plaintiff's personnel records from the time of his employment with Defendant demonstrate that his residential address was in Dighton, Massachusetts, which is in Bristol County. Notwithstanding the information in those records, Defendant lacks sufficient knowledge or information to admit or deny Plaintiff's current residence.

5. Defendant admits the allegations contained in Paragraph 5 of the Complaint.

6. Defendant admits that Plaintiff's personnel records from the time of his employment with Defendant reflect that his date of birth was February 14, 1947, making him 57 years old at this time, but Defendant otherwise lacks sufficient knowledge or information to admit or deny the accuracy of the information Plaintiff provided in this record.

7. Defendant admits that its employment records reflect that Plaintiff's hire date was June 18, 1998 and that Defendant requested that he begin employment in Braintree, Massachusetts on July 16, 1998 as a Pacesetter Manager in Training. To the extent the allegations in Paragraph 7 of the Complaint are inconsistent with these facts, they are denied.

8. Defendant denies the allegations contained in Paragraph 8 of the Complaint.

9. Defendant denies the allegations contained in Paragraph 9 of the Complaint.

10. Defendant denies the allegations contained in Paragraph 10 of the Complaint.

11. Defendant denies the allegations contained in Paragraph 11 of the Complaint.

12. Defendant denies the allegations contained in Paragraph 12 of the Complaint.

13. Defendant denies the allegations contained in Paragraph 13 of the Complaint.

14. Defendant denies the allegations contained in Paragraph 14 of the Complaint.

15. Defendant denies the allegations contained in Paragraph 15 of the Complaint.

16. Defendant admits that on or about December 17, 2003, Plaintiff purported to have been injured. Defendant lacks sufficient information to admit or deny the nature or extent of Plaintiff's medical status, and therefore denies any remaining allegations in Paragraph 16 of the Complaint.

17. Defendant admits that Plaintiff's leave of absence from work ended March 1, 2004. Subject to a review of any documentation Plaintiff relies upon in support of the remaining

allegations in Paragraph 17 of the Complaint, which Plaintiff fails to submit with his Complaint, all such allegations are denied.

17. Paragraph 18 of the Complaint contains no factual allegations and calls for a legal conclusion and therefore requires no response.

18. Defendant admits that it terminated Plaintiff's employment for misappropriation of company property and for violation of company policies regarding Defendant's Smart Card program, further stating that the effective date of Plaintiff's termination was March 2, 2004. The remaining allegations in Paragraph 19 are denied.

20. Defendant denies the allegations contained in Paragraph 20 of the Complaint.

21. Defendant denies the allegations contained in Paragraph 21 of the Complaint.

22. Defendant denies the allegations contained in Paragraph 22 of the Complaint.

23. Defendant denies the allegations contained in Paragraph 23 of the Complaint.

## ANSWER TO COUNTS

**Count I: ADEA claim**

24. For its response to Paragraph 24 of the Complaint, Defendant incorporates by reference its responses to Paragraph 1-23 above.

25. Paragraph 25 of the Complaint contains no factual allegations and calls for legal conclusions and therefore requires no response. To the extent Paragraph 25 contains any factual allegations, they are denied.

26. Defendant denies the allegations contained in Paragraph 26 of the Complaint.

27. Defendant denies the allegations contained in Paragraph 27 of the Complaint.

28. Defendant denies the allegations contained in Paragraph 28 of the Complaint.

29. Defendant denies the allegations contained in Paragraph 29 of the Complaint.

**Count II:  FMLA claim**

30. For its response to Paragraph 30 of the Complaint, Defendant incorporates by reference its responses to Paragraph 1-29 above.

31. Paragraph 31 of the Complaint contains no factual allegations and calls for legal conclusions and therefore requires no response.  To the extent Paragraph 31 contains any factual allegations, they are denied.

32. Paragraph 32 of the Complaint contains no factual allegations and calls for legal conclusions and therefore requires no response.  To the extent Paragraph 31 contains any factual allegations, they are denied.

33. Paragraph 33 of the Complaint contains no factual allegations and calls for legal conclusions and therefore requires no response.  To the extent Paragraph 31 contains any factual allegations, they are denied.

34. Defendant denies the allegations contained in Paragraph 34 of the Complaint.

35. Defendant denies the allegations contained in Paragraph 35 of the Complaint.

**Count III:  Chapter 151B claim**

36. For its response to Paragraph 36 of the Complaint, Defendant incorporates by reference its responses to Paragraph 1-35 above.

37. Paragraph 37 of the Complaint contains no factual allegations and calls for legal conclusions and therefore requires no response.  To the extent Paragraph 37 contains any factual allegations, they are denied.

38. Defendant denies the allegations contained in Paragraph 38 of the Complaint.

39. Defendant denies the allegations contained in Paragraph 39 of the Complaint.

40. Defendant denies the allegations contained in Paragraph 40 of the Complaint.

41. Defendant denies the allegations contained in Paragraph 41 of the Complaint.

**Count IV: Workers' Compensation Act ("WCA") claim**

42. For its response to Paragraph 42 of the Complaint, Defendant incorporates by reference its responses to Paragraph 1-41 above.

43. Paragraph 43 of the Complaint contains no factual allegations and calls for legal conclusions and therefore requires no response. To the extent Paragraph 43 contains any factual allegations, they are denied.

44. Defendant denies the allegations contained in Paragraph 44 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Some of all of Plaintiffs' claims fail to state a claim upon with relief can be granted.

### SECOND DEFENSE

Some or all of Plaintiffs' claims are barred by applicable statutes of limitations.

### THIRD DEFENSE

Plaintiff cannot prove the elements of his failure-to-promote, hostile environment or retaliation claims under the Age Discrimination in Employment Act ("ADEA") or M.G.L. Chapter 151B

### FOURTH DEFENSE

Plaintiff cannot maintain a "pattern or practice" litigation as a private individual.

### FIFTH DEFENSE

Plaintiff has failed to mitigate his damages.

### SIXTH DEFENSE

Plaintiff's own workplace misconduct caused the alleged damages he claims.

WHEREFORE, Defendants respectfully request that Plaintiff's request for various forms of relief be denied and that an order enter dismissing Plaintiff's complaint with prejudice.

Respectfully submitted,

K MART CORPORATION

By its attorneys,

/s/ Jeffrey M. Rosin
David S. Rubin, BBO #546213
Jeffrey M. Rosin, BBO #629216
Epstein Becker & Green, P.C.
111 Huntington Avenue
Boston, MA 02199
(617) 342-4000

Dated: October 25, 2004