UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Daniel A. Ferrie, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION NO. |
| ) | 04-12068 JLT |
| vs. ) | |
| ) | |
| K Mart Corporation, ) | |
| ) | |
| Defendant. ) | |

PLAINTIFF'S MOTION FOR LEAVE TO SERVE DOCUMENT REQUESTS

Now comes the Plaintiff, Daniel A. Ferrie, by his attorney, and respectfully requests that he be granted leave to serve document requests upon the Defendant, K Mart Corporation. Plaintiff's proposed requests are attached hereto as **Exhibit 1**. As good cause therefore, Plaintiff respectfully submits that certain documents and categories of documents, not produced by the Defendant, are highly relevant to Plaintiff's claims in this action. In further support of the within motion, Plaintiff respectfully submits that:

1.  Plaintiff filed this action on September 27, 2004, alleging discrimination in employment on account of age, violation of the Family Medical Leave Act, and violation of Mass.G.L. c. 152 § 75B (workers compensation retaliation).

2.  Plaintiff seeks leave to request documents concerning promotions to the position of Store Manager and above during the period of Plaintiff's employment in a limited geographical area, including documents which evidence the age of applicants and selectees. Plaintiff contends that these documents will demonstrate a policy and/or practice of promoting younger employees.

3.  Plaintiff additionally seeks leave to request documents which identify store and district

       managers of K Mart, including their ages, in a limited geographical area. Plaintiff contends that these documents will likewise demonstrate and policy and/or practice of promoting younger employees.

4. Plaintiff additionally seeks leave to request documents concerning the performance ranking of K Mart store managers and stores in Massachusetts. Plaintiff contends that these documents will demonstrate that Plaintiff, as well as other employees over 40, were more qualified than younger employees promoted ahead of them.

5. Plaintiff additionally seeks leave to request documents which identify K Mart employees employed under the Plaintiff's supervision during his employment with K Mart. These individuals may have relevant information concerning, *inter alia*, the Plaintiff's job performance and discrimination against him.

6. Plaintiff additionally seeks leave to request documents concerning the identity of K Mart employees in a limited geographic area who filed workers compensation claims, including their present employment status with K Mart. These documents may evidence a pattern and/or practice of retaliating against employees who filed such claims.

7. Plaintiff additionally seeks leave to serve document requests concerning other claims of the same types of discrimination/violation of statutes, limited in scope to his former supervisors, K Mart stores in Massachusetts, and K Mart Stores in the New England States, New York and New Jersey during and subsequent to the period that Plaintiff was employed by K Mart. These documents are highly relevant to Plaintiff's claims, *inter alia*, that K Mart has a pattern and/or practice of the same types of discrimination as set forth above, and are also relevant to motive.

8.  Plaintiff additionally seeks leave to request documents concerning communications with the Massachusetts Commission Against Discrimination and Division of Employment and Training concerning him. These documents may contain relevant information concerning the Defendant's justifications for the adverse employment actions taken against him.

9.  Finally, Plaintiff seeks leave to request documents concerning K Mart's employee manuals in force during and subsequent to his employment. These documents would contain relevant information concerning K Mart's policies concerning, *inter alia*: termination, discrimination and/or promotion.

10. The allowance of the within motion would aid in limiting costly depositions of Defendant's witnesses and would further promote an efficient use of the Parties' and the Court's resources.

WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests that the within motion be ALLOWED.

                    Respectfully submitted,
                    Daniel A. Ferrie
                    By his attorney,


                    /s/ Paul F. Wood
                    Paul F. Wood, BBO No. 565195
                    Law Office of Paul F. Wood
                    45 Bowdoin Street
                    Boston, MA 02114
                    (617) 532-2666

CERTIFICATION OF COUNSEL

      Undersigned counsel hereby certify, pursuant to Local Rules 7.1 and 37.1, that on December 27, 2004 counsel for the Plaintiff conferred with counsel for the Defendants in a good faith attempt to narrow or resolve the issues raised by the within Motion, but that said attempts were unsuccessful.

/s/ Paul F. Wood
Paul F. Wood