UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DANIEL A. FERRIE,<br><br>      Plaintiff,<br>v.<br><br>K MART CORPORATION,<br><br>      Defendant. | Civil Action No: 04 Civ. 12068 (JLT) |

**ASSENTED-TO MOTION OF DEFENDANT FOR AN ADDITIONAL
30 DAYS TO PROVIDE PLAINTIFF WITH A DOCUMENT INDEX
RESPONSIVE TO PLAINTIFF'S DOCUMENT REQUESTS**

Defendant, K Mart Corporation ("Kmart"), hereby seeks additional time to provide plaintiff, Daniel Ferrie ("Ferrie"), with a document index responsive to Ferrie's document requests. As grounds for this Motion, Kmart states as follows:

1. By Order dated January 5, 2005, Kmart has through February 4, 2005 to provide Ferrie with a document index listing all documents requested in Ferrie's document requests ("Order"). Ferrie then has the right to request copies of any documents listed in the index by March 7, 2005. The Order further requires Kmart to take Ferrie's deposition by March 7, 2005 and for Ferrie to request depositions after March 7, 2005.

2. Ferrie makes 14 separate document requests, many of them seeking data on Kmart employees over a 6-7 year period in not only Massachusetts, but also other New England states, New York and New Jersey. A copy of Ferrie's document requests are attached at Tab A.

3. Kmart is working diligently to comply with the Court's Order but needs additional time to contact appropriate people at Kmart's many stores in those states, coordinate the gathering of information and prepare its document index.

BO:142259v1

4.  An additional 30 days, up to and including March 7, 2005, is necessary to enable Kmart to make a full and complete response.

5.  Counsel for Kmart has conferred with counsel for Ferrie and, as set forth below, counsel for Ferrie assents to the relief requested herein. Because the relief requested herein will impact other deadlines in the Order, Kmart suggests extending such deadlines as set forth below.

WHEREFORE, Kmart respectfully requests that this Motion be granted and that the following Revised Order enter:

1.  Defendant's index of documents requested in Plaintiff's First Request for Production of Documents attached to Plaintiff's Motion for Leave to Serve Document Requests should be provided to Plaintiff by March 7, 2005.

2.  Plaintiff may request, and Defendant must produce, any of the documents listed in the index by April 6, 2005.

3.  Defendant may depose Daniel Ferrie anytime before April 6, 2005.

4.  Plaintiff may request depositions after April 6, 2005.

5.  A Further Conference should be scheduled at the Court's convenience.

Respectfully submitted this 31st day of January, 2005.

                        K MART CORPORATION

                        By its attorneys,

                        David S. Rubin, BBO # 546213
                        Jeffrey M. Rosin, BBO # 629216
                        EPSTEIN, BECKER & GREEN, P.C.
                        111 Huntington Avenue
                        Boston, MA 02199
                        (617) 342-4000

Assented to by:

Paul F. Wood, Counsel for Plaintiff

Tab A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Daniel A. Ferrie,   )<br>  )<br>  Plaintiff,   )<br>  )<br> vs.   )<br>  )<br> K Mart Corporation,   )<br>  )<br>  Defendant.   ) | CIVIL ACTION NO.<br>04-12068 JLT |

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Now comes the Plaintiff, Daniel A. Ferrie, by his attorney, and, pursuant to Fed.R.Civ.P. 34, requests that the following documents be produced for inspection and/or copying at the Law Office of Paul F. Wood, P.C., 45 Bowdoin Street, Boston, MA 02114.

### Definitions and Instructions

Pursuant to Local Rule 26.5, The Uniform Definitions in Discovery Requests, the full text of Local Rule 26.5(C), Definitions, is deemed incorporated by reference in this discovery request. Additionally, the terms specific to this document are defined as:

"You", "Your", and "K Mart", mean the Defendant, K Mart Corporation, its present and former officers, employees, agents, and predecessor and successor corporations.

"Ferrie" and "Plaintiff", mean the Plaintiff, Daniel A. Ferrie.

"Complaint", means the Complaint and Demand for Trial by Jury in the within action.

"Personnel Record", is given the definition set forth in Massachusetts General Laws, Chapter 149 § 52C.

With regard to all information and/or documents withheld or objected to on the grounds of privilege, work product, trade secret, or for any other reason, you are instructed to describe the nature of the documents, communications or things not produced or disclosed in a manner that

-1-

will enable the Plaintiff and the Court to assess the applicability of the privilege or protection asserted.

If any documents responsive to these Requests have been destroyed or lost, or cannot be accounted for, you are instructed to:

a) identify each and every document or category of documents which were destroyed or lost, or are unaccounted for;
b) state when you believe the document or category of documents was destroyed or lost, or became unaccounted for;
c) state what reason or explanation you have, if any, for the destruction, loss, or inability to account for the documents identified in sub-part (a); and
d) identify the persons who are most knowledgeable about the information in sub-parts (a) through (c) of this instruction.

## Documents Requested

All Documents which were, at any time, or currently are, within your care, custody, possession or control, concerning:

1) All documents concerning the promotion of K Mart Employees in Massachusetts to the position of Store Manager and District Manager positions during and subsequent to the period that Ferrie was employed by K Mart, including without limitation all documents which identify the age of applicants and selectees.

2) All documents concerning the promotion of K Mart Employees in the New England States, New York and New Jersey to the position of Store Manager and District Manager positions during and subsequent to the period that Ferrie was employed by K Mart, including without limitation all documents which identify the age of applicants and selectees.

-2-

3)  All documents which identify all K Mart Store Managers and District Managers in Massachusetts at any time during and subsequent to Ferrie's employment with K Mart, including without limitation all documents which identify the age of the said employees.

4)  All documents which identify all K Mart Store Managers and District Managers in the New England States, New York and New Jersey at any time during and subsequent to Ferrie's employment with K Mart, including without limitation all documents which identify the age of the said employees.

5)  All documents which identify K Mart employees who filed workers compensation claims in Massachusetts during and subsequent to Ferrie's employment with K Mart, including without limitation all documents which identify each such employee's employment status with K Mart.

6)  All documents concerning the performance ranking of Store Managers in Massachusetts for all periods that Ferrie was employed by K Mart.

7)  All documents concerning the performance ranking of K Mart Stores in Massachusetts for all periods that Ferrie was employed by K Mart.

8)  All documents concerning all allegations, whether formal or informal, of discrimination in employment on the basis of age, for violation of the Family Medical Leave Act and/or

-3-

for violation of Massachusetts General Laws c. 152 § 75B, including claims of retaliation, regardless of whether a lawsuit and/or administrative action was filed, made David Nappier, Jon Swank and/or Ryan Shea at any time, by any former, present, or prospective employee of K Mart.

9) All documents concerning all allegations, whether formal or informal, of discrimination in employment on the basis of age, for violation of the Family Medical Leave Act and/or for violation of Massachusetts General Laws c. 152 § 75B, including claims of retaliation, regardless of whether a lawsuit and/or administrative action was filed, made against K Mart concerning conduct in any of its Massachusetts stores, at any time during or subsequent to Ferrie's employment with K Mart, by any former, present, or prospective employee of K Mart.

10) All documents concerning all allegations, whether formal or informal, of discrimination in employment on the basis of age, for violation of the Family Medical Leave Act and/or for violation of Massachusetts General Laws c. 152 § 75B, including claims of retaliation, regardless of whether a lawsuit and/or administrative action was filed, made against K Mart concerning conduct in any of its New England, New York and/or New Jersey stores, at any time during or subsequent to Ferrie's employment with K Mart, by any former, present, or prospective employee of K Mart.

11)   All documents which identify all persons employed by K Mart under Ferrie's supervision at any time during the period that Ferrie was employed by K Mart.

12)   All documents concerning all communications between K Mart and the Massachusetts Division of Employment and Training concerning Ferrie.

13)   All documents concerning all communications between K Mart and the MCAD and/or United States Equal Employment Opportunity Commission concerning Ferrie.

14)   All documents concerning all K Mart employee manuals in force at any time during or subsequent to Ferrie's employment with K Mart.

                Respectfully Submitted,
                Daniel A. Ferrie
                By his attorney,


                _____
                Paul F. Wood, BBO No. 565195
                Law Office of Paul F. Wood, P.C.
                45 Bowdoin Street
                Boston, Massachusetts 02114
                (617) 532-2666