UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| Daniel A. Ferrie, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. |
| | ) | 04-12068 JLT |
| vs. | ) | |
| | ) | |
| K Mart Corporation, | ) | |
| | ) | |
| Defendant. | ) | |

STIPULATED PROTECTIVE ORDER GOVERNING
THE CONFIDENTIALITY OF INFORMATION PRODUCED IN THIS LITIGATION

IT IS HEREBY ORDERED that the following procedures shall govern the production

and exchange of all documents, testimony, interrogatories and other information produced, given

or exchanged by and among any party or third party in the course of litigating the above-

captioned matter (hereafter "Action"):

1.      (a)      Counsel for any party, person or entity subject to discovery in the Action

(hereafter "producing party") may designate as "Confidential" files, documents,

deposition testimony, and information furnished by that party in the course of

pretrial discovery in the Action at any time, including prior to the date of this

Stipulation and Order, when such producing party in good faith believes that such

file, document, material or information constitutes or reveals confidential medical,

mental health, tax, employee personnel, and/or non-public business information.

(b)      The designation by any producing party of any document, material or

information as "Confidential" shall constitute a representation that such document,

material or information has been reviewed by the producing party and that, in such

producing party's opinion, there is a good faith basis for such designation.

2.    Confidential materials will be used by counsel for any party, person or entity requesting

discovery in the Action (hereafter "receiving party") solely for purposes of preparing for

and conducting the litigation of the Action and any appellate proceedings in the Action.

3.    Any documents or other tangible materials designated as Confidential shall be so

designated by stamping each page of the same with the legend "Confidential" or with a

substantially similar legend at the time of production. Materials produced prior to the date

of this Stipulation and Order may be designated as "Confidential" by written notice of the

producing party which identifies, by Bates numbers or otherwise, those documents or

materials the party contends contain confidential information.

4.    Any deposition or other testimony may be designated as Confidential by any one of the

following means:

(a)    stating orally on the record of a deposition that certain information or testimony is

Confidential or that the entire deposition transcript is so designated; or

(b)    sending written notice to the receiving party within 15 business days from receipt

of a deposition transcript designating all or a portion of the transcript as

Confidential.

5.    Discovery materials designated "Confidential" shall not be disclosed by the receiving party

to persons except:

(a)    this Court or any court exercising appellate jurisdiction with respect to the

determinations of this Court, court officials and court employees and

stenographers transcribing testimony or argument at a hearing, trial or deposition

in the Action or any appeal;

(b)    any named party, or in the case of a corporate party or other person, any

employee, former employee or agent of such party or person who is actively

engaged in assisting counsel, provided that such party, person, employee or agent

reviews and agrees to be bound by this Order;

(c)    outside counsel to the parties in the Action and attorneys, clerical, paralegal and

secretarial staff regularly employed by such outside counsel who are involved in

the prosecution or defense of this Action;

(d)    clerical and data processing personnel not regularly employed by the parties or

their counsel; but involved in the production, reproduction, organizing, filing,

coding, cataloging, converting, storing, retrieving, and reviewing of discovery

materials to the extent reasonably necessary to assist a party or its counsel in these

proceedings;

(e)    trial or deposition witnesses in preparation for and during testimony in this

litigation and provided that such witnesses are not given ownership of copies of

Confidential information review and agree to be bound by this Order;

(f)    jurors and alternate jurors;

(g)    the insurers and reinsurers of the parties to these proceedings or of the officers,

directors, partners, and employees of such parties, and the officers, directors,

partners, employees, and counsel of such insurers and reinsurers, to the extent

reasonably necessary to assert, investigate, respond to or perform other work in

connection with any claim for insurance coverage;

(h)    any individual who authored or was a recipient of the confidential information;

(i)    any expert or consultant as provided in paragraph 6 below; and

(j)    any other person as to whom the parties agree in writing.

6.    Confidential materials may be provided to experts or consultants retained by counsel in

connection with the Action to the extent (and only to the extent) necessary for such expert

or consultant to prepare an opinion, to prepare to testify, or to assist counsel in the

prosecution or defense of the Action, provided that each such expert reviews and agrees in

writing to be bound by this Order.

7.    All documents filed with the Court in this litigation which contain or disclose any

"Confidential" information shall have the pages setting forth such information marked with

the appropriate caption. Such pages shall be filed separately from the document, in a

sealed envelope marked with the legend: "CONFIDENTIAL INFORMATION

ENCLOSED, SUBJECT TO PROTECTIVE ORDER. NOT TO BE OPENED UNLESS

BY ORDER OF THE COURT." Such envelope shall not be opened by any person not

authorized to view such documents under the terms of this Order, except by order of the

Court.

8.     If any party objects to the designation of any discovery materials as "Confidential", the

party shall state the objection by letter to counsel for the party making the designation. If

the parties are then unable to resolve the objection, any party may move the Court to do

so. Until the Court rules on any such motion, the discovery materials shall continue to be

deemed "Confidential" under the terms of this Order. In any court proceeding regarding

Confidential information, the burden shall be on the party asserting the claim to

demonstrate that any document or information is Confidential.

9.     The specification of appropriate safeguards concerning evidence at trial is specifically

reserved for action by the Court or later agreement by the parties at or before trial.

10.    Nothing herein shall prevent any Person from seeking, by written agreement of the

signatories hereto or court order, further, greater or lesser protection with respect to the

use of any Confidential materials in connection with this Action.

11.    Nothing herein shall be construed to affect in any way the admissibility of any document,

testimony or other evidence at trial of the Action. Nothing herein shall constitute a waiver

of any claim of privilege or other protection from discovery. Nothing herein shall be

construed to limit in any way any party's use of its own Confidential materials.

12.    Within sixty (60) days after the producing party's request therefore and after the final

termination of the Action, including the expiration of all periods for appeal from any

judgment, counsel shall return all Confidential materials and copies (including excerpts and

summaries) thereof to counsel for the producing party, or, in lieu thereof, certify in writing

that such confidential materials have been destroyed, except that counsel may retain

documents reflecting any work product, copies of court filings and official transcripts and

exhibits, provided said retained documents and the Confidential material contained therein

will continue to be treated as provided in this Order.

13.    If any party (or counsel for any party) receives a subpoena or other compulsory process

demanding documents or information, or material designated as "Confidential" by any

other party, that party or counsel shall give notice to the party so designating the

information, document, or material at least 14 days prior to the return date of the

subpoena or other compulsory process, or, if the subpoena or other compulsory process

has a return date of less than 14 days, notice shall be given to the designating person in

writing or by telephone as soon as possible but in no event later than 72 hours prior to the

return date.

14.    Nothing herein shall preclude any party from applying to this Court for an order modifying

this Order, and nothing herein shall preclude any modification of this Order with the

written consent of all parties hereto.

15.    This Order shall have no effect upon, and its scope does not extend to:

(a)    any information which is, was, or becomes public not in violation of this Order;

(b)    disclosure of confidential information to the extent otherwise required by law.

16.    The obligations of this Order shall survive the termination of the Action and Continue to

bind the parties. The Court will have continuing jurisdiction to enforce this Order

regardless of the manner in which this Action is terminated.

SO ORDERED:

_____    _____
United States District Court Justice       Date

STIPULATED AS TO THE PARTIES:

Daniel A. Ferrie                          K Mart Corporation
By his attorney,                          By its attorneys,


/s/ Paul F. Wood                          /s/ Jeffrey M. Rosin (pfw w/permission)
Paul F. Wood, BBO# 565195                 David S. Rubin, BBO#
Law Office of Paul F. Wood, P.C.          Jeffrey M. Rosin, BBO#
45 Bowdoin Street                         Foley & Lardner, LLP
Boston, MA  02114                         111 Huntington Avenue
(617) 532-2666                            Boston, MA  02199
                                          (617) 342-4000